Christian J. Keeney (SBN 269533)
Christian.Keeney@jacksonlewis.com
Alis M. Moon (SBN 293897)
Alis.Moon@jacksonlewis.com
Rochelle N. Miller (SBN 352528)
Rochelle.Miller@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone:  (949) 885-1360

Attorneys for Defendant
OHIO PARSEC, INC. (erroneously sued as
"OHIO PARSEC, INC. DBA PARSEC, INC.")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR HOLGUIN<br><br>        Plaintiff,<br><br>    vs.<br><br>OHIO PARSEC, INC. DBA PARSEC, INC., an Ohio Corporation, JOSE HUERTA, an individual, and DOES 1 through 20, Inclusive,<br><br>        Defendants. | Case No.:<br><br>**DEFENDANT OHIO PARSEC, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Declaration of Tim Monahan; Civil Case Cover Sheet; Notice of Related Cases; Corporate Disclosure Statement, and Certificate of Interested Parties]*<br><br>Complaint filed: December 18, 2024<br>Trial Date: |

Case No.:                                           1          DEFENDANT'S NOTICE OF REMOVAL TO
                                                              USDC, CENTRAL DISTRICT OF CALIFORNIA

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Ohio Parsec, Inc. (erroneously sued as "Ohio Parsec, Inc. dba Parsec, Inc.") ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff Hector Holguin ("Plaintiff") and Defendant, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.

## I.      THE STATE COURT ACTION

1.      On or about December 18, 2024, Plaintiff filed an action against Defendant entitled "*Hector Holguin vs. Ohio Parsec dba Parsec, Inc., et al.*; Case No. 24STCV33361," in the Los Angeles County Superior Court. A true and correct copy of the Summons and unverified Complaint is attached as **Exhibit "A."**

2.      On December 20, 2024, Plaintiff served Defendant's registered agent with the Summons and Complaint. A true and correct copy of the Proof of Service of Summons and all other documents that were served on Defendant in this action with the Summons and Complaint are attached as **Exhibit "B."**

3.      On January 17, 2025, Defendant timely filed and served its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer is attached as **Exhibit "C."**

4.      As of the filing of this Notice of Removal, Defendant Jose Huerta ("Huerta") has not been served with a copy of the Summons, Complaint, and related court documents.

/ / /

/ / /

/ / /

| Case No.: | 1 | DEFENDANT'S NOTICE OF REMOVAL TO USDC, CENTRAL DISTRICT OF CALIFORNIA |

## II.   <u>REMOVAL IS TIMELY</u>

5.   A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

6.   As explained in Paragraph No. 2 above, Plaintiff served the Summons and Complaint on Defendant's registered agent on December 20, 2024. Because Defendant filed this removal within 30 days of service of the Summons and Complaint, removal is timely.[1]

7.   Moreover, as of the time of this removal, Defendant is informed and believes that Huerta has not been properly joined and served. In this jurisdiction, removal is permitted before proper service on the forum defendant is effectuated. *See Dechow v. Gilead Scis., Inc.*, 358 F.Supp.3d 1051, 1054 (C.D. Cal. 2019). Thus, removal is permitted in these circumstances. *Id.* at 1055 ("the Court adopts the plain language interpretation of section 1441(b)(2) which requires a party to be <u>properly joined *and* served</u> before the forum defendant rule may limit the Court's jurisdiction") (emphasis added); *see also Zirkin v. Shandy Media, Inc.*, 2019 U.S. Dist. LEXIS 24540 at \*5 (C.D. Cal. 2019) ("the Forum Defendant Rule only attaches if a plaintiff <u>properly joins *and* properly serves</u> at least one in-state defendant. This clear language is not open to multiple interpretations") (emphasis added).

8.   Section 1441(b)(2), referred to as the "Forum Defendant Rule," restricts a defendant's ability to remove a case to federal court. *See* 28 U.S.C. § 1441(b)(2).

---

[1] When the removal deadline falls on a weekend or legal holiday, the deadline to remove continues to run until the end of the next day that is not a weekend or legal holiday. *See* Fed. R. Civ. Proc. 6(a)(1)(C) (If a deadline falls "on Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."); *see also* Rangel v. Jaguar Land Rover N. Am. LLC, 2024 U.S. Dist. LEXIS 213567, at \*8 (C.D. Cal. Nov. 22, 2024) ("[B]ecause April 6, 2024, was a Saturday, Defendant's April 8, 2024, Notice of Removal filed the Monday after the 30-day deadline was timely.")

| Case No.: | 2 | DEFENDANT'S NOTICE OF REMOVAL TO USDC, CENTRAL DISTRICT OF CALIFORNIA |
|---|---|---|

"The statute, on its face, provides that a case cannot be removed 'if any of the parties in interest properly joined and served as defendants' is a citizen of the forum state." 28 U.S.C. § 1441(b)(2); *Dechow*, 358 F.Supp.3d at 1054. Thus, under the Forum Defendant Rule, removal based on diversity jurisdiction is generally permitted only if there are no forum defendants, meaning that none of the <u>properly joined *and* served defendants</u> are citizens of the state where the action is filed. *Id.* (emphasis added). Accordingly, removal is timely and proper.[2]

## III.   <u>COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES</u>

### A.   <u>Plaintiff is a citizen of the state of California</u>

9.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.    Plaintiff alleges in his Complaint that he is a resident of California. *See* Compl. ¶ 1 ("Plaintiff, at all times relevant to this action, resided in Los Angeles County, California."). Plaintiff's allegations constitute *prima facie* evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); s*ee also*

---

[2] Even if Huerta has been properly served in this action (which he has not), his citizenship should nevertheless be disregarded because he has not been properly joined. Typically, complete diversity is necessary for a federal court to exercise diversity jurisdiction; however, "the fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). The Court can disregard, for jurisdictional purposes, the citizenship of certain defendants if it is found that a defendant was added merely to destroy diversity. *Ibid.* It must only be shown that "there is no possibility that a plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999). Here, the addition of Huerta is improper given that it is nothing more than an attempt to destroy diversity, with no factual basis supporting the claim alleged against him (*i.e.,* harassment).

| Case No.: | 3 | DEFENDANT'S NOTICE OF REMOVAL TO USDC, CENTRAL DISTRICT OF CALIFORNIA |

*State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.").

11.    Plaintiff's domicile in California is further established by: (a) his continued employment in California, beginning on or around July 24, 1996; (b) his last known residence in California at the time this lawsuit was filed; (c) his job application with Defendant showing that he has lived in Los Angeles, California for at least 28 years, and maintained a California issued driver's license. *See* Compl. ¶ 17; Declaration of Tim Monahan ("Monahan Decl.") at ¶¶ 5-6. Accordingly, Plaintiff is a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a). *See also Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (current residence and place of employment evidence of the intention to remain); *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).

12.    Based on the foregoing, Defendant has satisfied its burden to create a rebuttable presumption that Plaintiff is a citizen of California.

**B.    Defendant is a citizen of the state of Ohio**

13.    For diversity purposes, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business…" *See* 28 U.S.C. § 1332(c)(1).

14.    In *Hertz Corporation v. Friend, et al.,* 130 S.Ct. 1181 (2010), the United States Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases. The Court determined that a corporation's "principal place of business" is the "place where a corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S.Ct. at 1186.

15. When the Complaint was filed and continuing through the present, Defendant was and is incorporated in the State of Ohio, with its principal place of business in the State of Ohio. Monahan Decl. at ¶ 3; Compl. ¶ 2 (Defendant "is an Ohio Corporation with its principal place of business in Hamilton County, Ohio.").

16. Defendant's primary management offices and operations are all located at its headquarters in Ohio. Monahan Decl. at ¶ 3. Further, the direction, control, and coordination of Defendant's activities take place from its corporate headquarters in Ohio. *Id*. Accordingly, under the "nerve center" test, Defendant is a citizen of the State of Ohio.

17. Accordingly, Defendant is a citizen of the State of Ohio.

18. Because Plaintiff is a California citizen and Defendant is not a California citizen, complete diversity among the parties exists now, and did so when Plaintiff filed this action on December 18, 2024.[3]

## IV. THE JURISDICTIONAL MINIMUM IS SATISFIED

19. This Court's jurisdictional minimum of an amount in controversy over $75,000 was satisfied at the time of the filing of this action, and still is satisfied, as is explained below.[4]

20. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). As these pleadings show, the amount in controversy here is at least $75,000.

### A. Lost Wages

21. Plaintiff seeks to recover lost wages. *See* Compl., ¶¶ 44, 56, 68, 85, 96, 107, 118, 130, 142, 154; Prayer for Relief, ¶ 1.

---

[3] The presence of Doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

[4] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

| Case No.: | 5 | DEFENDANT'S NOTICE OF REMOVAL TO USDC, CENTRAL DISTRICT OF CALIFORNIA |
|---|---|---|

22. The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

23. Plaintiff alleges he was employed by Defendant beginning in or around 1996, until February 12, 2024 when he alleges Defendant terminated his employment. Compl. ¶¶ 17, 35, 151. At the time Plaintiff alleges his employment with Defendant was terminated (*i.e.,* on February 12, 2024), Plaintiff earned $30.50 per hour and was expected to work at least 40 hours per week, which is approximately $1,220 per week in base pay (40/week x $30.50/hour). Monahan Decl. at ¶ 6.

24. Based on Plaintiff's earnings of $1,220 per week, Plaintiff's lost earnings since February 12, 2024, currently total approximately $59,780 ($1,220 per week x 49 weeks).

25. When the date of a trial is not set, courts have found one year from the date of removal to be a ***conservative*** trial date estimate for purposes of removal. *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases."); *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (same). One year from the January 21, 2025 removal date in this case is approximately January 21, 2026. Thus, the amount of past and future lost earnings Plaintiff has put in controversy, *i.e.*, total lost earnings between Plaintiff's alleged termination date of February 12, 2024, and the estimated trial date in this matter based on the conservative trial date estimate in this District, January 21, 2026, is at least **$123,220** ($1,220 per week x 101 weeks).

**B.   Attorney's Fees**

26. Plaintiff seeks to recover attorneys' fees. *See* Compl., Prayer for Relief, ¶ 2. Attorneys' fees may therefore be included in the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d

---

Case No.:                6                DEFENDANT'S NOTICE OF REMOVAL TO
                                          USDC, CENTRAL DISTRICT OF CALIFORNIA

1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

27. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

28. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons, supra*, 209 F. Supp. 2d at p. 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

29. Courts in this District have found an hourly rate of at least $525 for employment cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding that a $550 hourly rate was reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (finding a District court did not err in awarding $550 per hour).

30. Estimates for the number of hours expended through trial for employment cases in this district is 300 hours. *See Sawyer v. Retail Data, LLC,* 2015 WL 3929695, at

*3 (C.D. Cal. Apr. 29, 2015) (finding an estimate of 300 hours to be expended on a wrongful termination case was reasonable); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (same); *Melendez v. HMS Host Family Restaurants, Inc.*, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

31.  Accordingly, to litigate this case through trial at the rate of $525 per hour, it is reasonable anticipate that Plaintiff's attorneys' fees will be at least **$157,500** (300 hours x $525 per hour).

## C.  **Emotional Distress.**

32.  Plaintiff also seeks to recover damages for emotional distress. *See* Compl. ¶¶ 45, 57, 69, 86, 97, 108, 119, 131, 143, 155; Prayer for Relief, ¶ 1.

33.  Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

34.  A defendant may introduce evidence of jury verdicts in other cases as evidence of plaintiff's potential emotional distress damages. *See Avila v. Kiewit Corp.*, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

35.  Emotional distress damages awards in single-plaintiff wrongful termination and/or invasion of privacy actions often exceed $75,000. Indeed, recent jury verdicts in cases that allege wrongful termination claims establish that Plaintiff's alleged emotional distress damages exceed the jurisdictional minimum of this Court. *See e.g., Jensen v. the Home Depot*, JVR No. 2111100016, 2021 WL 5232068 (Cal.Super.) (awarding plaintiff $3,249,431 for pain and suffering in a wrongful termination case); *Bralock v. American University of Health Sciences, Inc.,* JVR No. 2110120019, 2021 WL 4772989 (Sept. 21, 2021) (awarding plaintiffs $250,000 each for pain and suffering in a wrongful termination case); *Zirpel v. Alki David Productions, Inc.,* JVR No. 2111190002 (October 5, 2021) (awarding plaintiff $1,068,717 in compensatory damages in a wrongful

termination case); *Aaron L. Mintz v. Mark Bartelstein & Associates, Inc.,* 2012 Jury Verdicts LEXIS 27976 (awarding plaintiff $85,000 in compensatory damages for an invasion of privacy claim against a former employer). *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging wrongful termination); *Baghumian v. County of Los Angeles*, JVR No. 1807270047, 2018 WL 3609142 (Cal. Super. Ct. May 11, 2018) (awarding $175,000 in emotional distress damages in a wrongful termination case).

36.    These jury verdicts show that Plaintiff's alleged emotional distress damages in this action are potentially substantial. *See Avila*, *supra,* 2019 WL 4729641 (concluding that emotional distress damages are potentially substantial based on jury verdicts in discrimination cases); *Hurd v. Am. Income Life Ins.*, 2013 WL 5575083, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Accordingly, Plaintiff has put at least **$75,000** in emotional distress damages in controversy.

37.    In sum, and as shown in the chart below, the total amount in controversy, excluding punitive damages, is at least **$355,720**:

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | $123,220 |
| Attorneys' Fees | $157,500 |
| Emotional Distress | $75,000+ |
| **Total:** | **$355,720+** |

### D.    <u>Punitive Damages.</u>

38.    According to Plaintiff's Complaint, Plaintiff also seeks to recover alleged punitive damages. *See* Compl. ¶ 47, 59, 71, 88, 99, 110, 121, 133, 145, 157; Prayer for Relief, ¶ 5.

Case No.:                              9                    DEFENDANT'S NOTICE OF REMOVAL TO
                                                                USDC, CENTRAL DISTRICT OF CALIFORNIA

39.     Because Plaintiff seeks punitive damages, punitive damages should be considered in determining the amount in controversy. *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that in determining the amount in controversy, courts must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees).

40.     Although Defendant denies liability, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims. *See Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019) (awarding a plaintiff $1.5 million in punitive damages where the plaintiff alleged wrongful termination); s*ee also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (Cal. 2009) (affirming punitive damages award of $1,905,000).

## V.     SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

41.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

42.     This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

43.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A** through **C**, which are copies of all process, pleadings, and orders served on Defendant.

44.     In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within 30 days after service of the Summons and Complaint on Defendant's registered agent on December 20, 2024.

| Case No.: | 10 | DEFENDANT'S NOTICE OF REMOVAL TO USDC, CENTRAL DISTRICT OF CALIFORNIA |

45.    In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Los Angeles County Superior Court.

## VI.    <u>CONCLUSION</u>

46.    Because jurisdiction is proper under 28 U.S.C. § 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

Dated:        January 21, 2025                JACKSON LEWIS P.C.

Christian J. Keeney
Alis M. Moon
Rochelle N. Miller

Attorneys for Defendant
OHIO PARSEC, INC. (erroneously sued as "OHIO PARSEC, INC. DBA PARSEC, INC.")

Case No.:                              11          DEFENDANT'S NOTICE OF REMOVAL TO
                                                            USDC, CENTRAL DISTRICT OF CALIFORNIA